IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE ) <br> ADMINISTRATIVE INSPECTION OF ) <br> ) <br> Pharmcare USA of New Mexico, LLC ) <br> 8500 Jefferson St. NE, Suite D ) <br> Albuquerque, New Mexico 87113 ) <br> ) <br> Vida Pharmacy, LLC ) <br> 8500 Jefferson St. NE, Suite D ) <br> Albuquerque, New Mexico 87113 ) | Docket No.  MR 24-1284 |

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

### APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT
### UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880

This Application for Administrative Inspection, with accompanying Affidavit, is respectfully submitted pursuant to the Controlled Substances Act ("the Act"), 21 U.S.C. §§ 801 – 904, for a Warrant to conduct an inspection of the controlled premises Pharmcare USA of New Mexico, LLC; and Vida Pharmacy, LLC, as described below. The Controlled Substances Act, 21 U.S.C. §§ 801-904 (the "CSA") provides for government supervision of those individuals or entities engaged in manufacturing and distributing controlled substances ("registrants"). The CSA requires that a manufacturer or distributor of controlled substances be registered with the Drug Enforcement Administration (DEA). 21 U.S.C. § 822. There are both civil and criminal penalties for violations of the Act. 21 U.S.C. §§ 825-865.

Pharmcare USA of New Mexico, LLC and Vida Pharmacy, LLC are each registered with DEA under the provisions of the CSA, Titles 21, U.S.C. § 823, as a Retail Pharmacy, with a principal place of business at 8500 Jefferson St. NE, Suite D, Albuquerque, New Mexico 87113, and are controlled premises within the meaning of Title 21, U.S.C. § 880(a), and § 1316.02 of the Code of Federal Regulations (C.F.R.). Pharmcare USA of New Mexico, LLC and Vida Pharmacy,

LLC are required to keep complete and accurate records of all controlled substances received, sold, delivered, or otherwise disposed of pursuant to Title 21, U.S.C. § 827, and Title 21, C.F.R. § 1304.01 *et. Seq*.

In order to ensure compliance with the CSA and its implementing regulations, the DEA is authorized to conduct inspections of a registrant's premises per 21 U.S.C. § 880. Specifically, the CSA authorizes the DEA to conduct administrative inspections to: (1) inspect and copy records, reports, and other documents required to be kept or made under the Act; (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls and facilities) appropriate for verification of the records, reports, and documents, or otherwise bearing on the provisions of the Act; and (3) inventory the stock of any controlled substance and obtain samples of such substances. 21 U.S.C. §880 (b)(3). "The statutory scheme envisioned by the Act is one of control through record keeping." *United States V. Greenberg*, 334 F.Supp. 364, 366 (W.D. PA 1971). "Any person who desires to shoulder the responsibility of engaging in the manufacturing or distribution of these products… [is subject] to the regulatory system laid down by the 1970 Act." *Id*. at 367.

Upon a showing of probable cause, a United States District Judge or United States Magistrate Judge may issue a warrant for the purpose of conducting an administrative inspection. 21 U.S.C. § 880(d). "Probable Cause" is defined by the CSA as "a valid public interest in the effective enforcement of [the Act] sufficient to justify administrative inspections of the area [.]" 21 U.S.C. § 880(d)(1). "Probable cause" in the traditional criminal law sense in not required to support the issuance of an administrative warrant. *See*, *Marshall v. Barlow's Inc.*, 436 U.S. 307, 320 (1978).  Thus, the warrant must only meet the "relaxed standards" for administrative probable

cause. *Robert K. Bell Enterprises, Inc. v. Occupational Safety & Health Rev. Comm'n*, No. 85-1547, 1986 WL 82646, at *1 – *2 (10th Cir. Feb. 19, 1986); *United States v. Lawson*, 502 F. Supp. 158, 165 (D. Md. 1980) ("A lower standard of probable cause is constitutionally permissible in the administrative inspection context because the intrusion into an individual's privacy is less than that in the criminal context, and is outweighed by the public's interest in the regulatory program."); *United States v. Nechy*, 827 F.2d 1161, 1165 (7th Cir. 1987) ("[U]nder 21 U.S.C. § 880, read literally, all [the DEA affiant] had to show to get the warrant was that the pharmacy was handling a controlled substance.").

As set forth in the supporting affidavit of DEA Diversion Investigator Stephen Martos-Ortiz, DEA has identified a series of probable violations of the CSA by Pharmcare USA of New Mexico, LLC and Vida Pharmacy, LLC.  DI Martos-Ortiz has extensive personal knowledge of the facts set forth in the affidavit, and explains the DEA's concerns regarding the ongoing risk of diversion of controlled substances at the subject premises.  The affiant's statements and personal knowledge, combined with the enumeration of multiple probable violations of the CSA are sufficient to establish probable cause for the issuance of an administrative warrant. *See Robert K. Bell Enterprises, Inc.*, 1986 WL 82646, at *2; *see also Marshall v. Horn Seed Co.,* 647 F.2d 96, 102 – 104 (10th Cir. 1981); *and* attached Affidavit of S. Martos-Ortiz.

Accordingly, DEA respectfully submits that an Inspection Warrant should be issued pursuant to the Controlled Substances Act, 21 U.S.C. § 880(d). Stephen Martos-Ortiz, Diversion Investigator, United States Drug Enforcement Administration, stationed in the Albuquerque, New Mexico District Office, hereby applies for an Administrative Inspection Warrant pursuant to the Controlled Substances Act, 21 U.S.C. §880(d), for the inspection and search of the following controlled premises:

Pharmcare USA of New Mexico, LLC
8500 Jefferson St. NE, Suite D
Albuquerque, New Mexico 87113

Vida Pharmacy, LLC
8500 Jefferson St. NE, Suite D
Albuquerque, New Mexico 87113

This Application for an Administrative Inspection Warrant is based upon the attached Affidavit.

Dated: July 5, 2024

        Respectfully submitted,

        ALEXANDER M.M. UBALLEZ
        United States Attorney
        District of New Mexico

        */s/ Sean M. Cunniff*
        SEAN M. CUNNIFF
        Assistant United States Attorney
        District of New Mexico
        201 3rd Street, NW, Suite 900
        Albuquerque, New Mexico 87103
        Tel: (505) 224-1473
        Cell: (505) 389-3013
        Fax: (505) 346-7205
        sean.cunniff@usdoj.gov
        *Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE ADMINISTRATIVE INSPECTION OF | ) ) ) |
| Pharmcare USA of New Mexico, LLC 8500 Jefferson St. NE, Suite D Albuquerque, New Mexico 87113 | ) ) ) ) ) |
| Vida Pharmacy, LLC 8500 Jefferson St. NE, Suite D Albuquerque, New Mexico 87113 | ) ) ) ) |

Docket No.

### AFFIDAVIT FOR ADMINISTRATIVE INSPECTION WARRANT

Stephen Martos-Ortiz, pursuant to 28 U.S.C. §1746, declares and states as follows:

1. My name is Stephen Martos-Ortiz, and I am a duly appointed Diversion Investigator of the Drug Enforcement Administration ("DEA"), United States Department of Justice, assigned to the Albuquerque District Office, 2660 Fritts Crossing SE, Albuquerque, New Mexico 87106.

2. In February of 2021, I was hired by the DEA. I have received training in the manufacture, distribution, and dispensation of pharmaceutical controlled substances, and the corresponding records and inventories that are required pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970 (Public Law 91-153).

3. Pursuant to §878(a)(2) and 880 (b)(1), (2) and (3), Title 21, United States Code, and Section 3(b), Appendix to Subpart R, Title 28, Code of Federal Regulations, I am authorized to execute administrative inspection warrants for the purpose of inspection controlled premises of persons and firms registered under the Controlled Substance Act (21 U.S.C. §§ 801 et seq.) in order to inspect, copy, and verify correctness of all records, reports and other documents required

1

to be kept or made under § 827, Title 21 of the United States Code and § 1304.01 *et.seq.*, Title 21, Code of Federal Regulations.

4. Pharmcare USA of New Mexico, LLC is registered with DEA under the provisions of the CSA, Title 21, U.S.C. § 823, as a Retail Pharmacy, has been assigned DEA Registration Number FP3726570 in controlled substance Schedules II through V, and its principal place of business is located at 8500 Jefferson St. NE, Suite D, Albuquerque, New Mexico 87113. Said place of business is a controlled premise within the meaning of § 880 (a), Title 21 of the United States Code, and §1316.02 of the Code of Federal Regulations. I have examined the files and records of the DEA in the Albuquerque District Office associated with Pharmcare USA of New Mexico, LLC. I have determined that Pharmcare USA of New Mexico, LLC has been licensed with the DEA as a retail pharmacy since January 11, 2024 and has not been the subject of an inspection prior to June 18, 2024.

5. Vida Pharmacy, LLC is registered with DEA under the provisions of the CSA, Title 21, U.S.C. § 823, as a Retail Pharmacy, has been assigned DEA Registration Number FV0584171 in controlled substance Schedules II through V, and its principal place of business is located at 8500 Jefferson St. NE, Suite D, Albuquerque, New Mexico 87113. Said place of business is a controlled premise within the meaning of § 880 (a), Title 21 of the United States Code, and §1316.02 of the Code of Federal Regulations. I have examined the files and records of the DEA in the Albuquerque District Office associated with DEA Registration Number FV0584171. I have determined that DEA registration number FV0584171 has been licensed with the DEA as a retail pharmacy since November 7, 2007. Only one inspection of the controlled premise has occurred prior to June 18, 2024, during its registration tenure. The inspection occurred on October 28, 2014, which revealed

numerous violations of the Controlled Substances Act including failure to maintain required records and ineffective controls against theft or diversion of controlled substances.

6. On June 17, 2024, a report of theft or loss of controlled substance was submitted on behalf of Pharmcare USA of New Mexico, LLC stating $10,200 purchase value of controlled substances were stolen pursuant to a burglary on June 15, 2024. A review of the files and records of the DEA in the Albuquerque District Office led to the discovery of another active DEA Registration of Vida Pharmacy, LLC located at the same address and suite number associated with Pharmcare USA of New Mexico, LLC.

7. In order to investigate the burglary, I conducted a consensual on-site inspection of Pharmcare USA of New Mexico, LLC per Title 21 §1316.08 of the Code of Federal Regulations. Upon entry of Pharmcare USA of New Mexico, LLC, it was discovered the breached perimeter of the pharmacy to include two damaged metal-frame and sheetrock walls were yet to be repaired after the burglary. The outermost perimeter wall had a single plyboard screwed into the sheetrock on the interior wall of the adjoining business and the innermost perimeter wall had a large copy machine rolled in front of the hole on the exterior side.

8. Intelligence gathered during the on-site inspection on June 18, 2024, includes the admission of undocumented sale of controlled substances from Vida Pharmacy, LLC to Pharmcare USA of New Mexico, LLC, during the most recent business acquisition which is a violation of Title 21 §1304.21(a) of the Code of Federal Regulations for both parties. According to documents received from Pharmcare USA of New Mexico, LLC, Vida Pharmacy, LLC was under a management agreement as of June 19, 2023 at the start of the initial closing date of the asset purchase agreement. The asset purchase agreement details that at such time the Buyer (Pharmcare USA of New Mexico, LLC) obtains the necessary licenses to operate as a pharmacy and the Final

Closing occurs, Seller shall deliver an executed Bill of Sale for the Goodwill and Intangible Assets, transferring the Goodwill and Intangible Assets to Pharmcare and vesting in Pharmcare all of the Seller's right, title, and interest in and to the Goodwill and Intangible Assets. A review of documents received indicate there has yet to be a Final Closing further complicating the responsible party for all controlled substances and records required to be kept.

9. In addition, I requested the most recent controlled substance order form in order to verify the correct purchaser and ultimate DEA Registrant responsible for the controlled substances located at 8500 Jefferson St. NE, Suite D, Albuquerque, New Mexico 87113 at the time of the theft. In response, I was provided a DEA 222 Form from Pharmcare USA of New Mexico, LLC, that was signed and dated by the Pharmacist-in-Charge on June 17, 2024, after having been informed that the Pharmacist-in-Charge had been out of the country since June 10, 2024 which is in direct violation of Title 21 §1305.12(d) of the Code of Federal Regulations.

10. A second consensual inspection of Pharmcare USA of New Mexico, LLC per Title 21 §1316.08 of the Code of Federal Regulations was conducted on June 24, 2024 in order to conduct an accountability audit of controlled substances. An accountability audit of a DEA Registrant consists of a beginning inventory, an ending inventory, and all records of each controlled substance manufactured, imported, received, sold, delivered, exported, or otherwise disposed of. It was discovered that no inventory existed for Pharmcare USA of New Mexico, LLC which is in violation of Title 21 §1304.11(b) of the Code of Federal Regulations. I was informed that Pharmcare USA of New Mexico, LLC took ownership of Vida Pharmacy, LLC on April 10, 2024; however, there was no documentation provided showing as such. Controlled substance invoices received for the purposes of the accountability audit contain sale information to both Pharmcare USA of New Mexico, LLC and Vida Pharmacy, LLC as late as June 17, 2024.

11. I conducted a phone call on June 20, 2024, with Pharmcare USA of New Mexico, LLC's Regional Vice President of Operations to discuss what steps the pharmacy took after the burglary to secure the remaining controlled substances from further diversion. I was informed that from the burglary on the morning of June 15, 2024 through the morning of June 17, 2024, no inventory of controlled substances was conducted. In addition, the remaining controlled substances were locked in a server room closet by a single employee, the closet has no security cameras or alarm system components.

12. In view of the foregoing circumstances the inspection herein applied for is for the purpose of protecting the public health and safety, and the need for the inspection, copying and verifying the records, reports and other documents required to be kept and maintained results from a valid public interest in the enforcement of the Controlled Substances Act and the regulations issued there under pursuant §880(d)(1).

13. The inspection will be conducted during normal business hours and will extend only to pertinent equipment, papers, records, prescriptions, files, reports, inventories, order forms, invoices, stocks of controlled substances and other things appropriate to verify such records, reports and documents required to be kept pursuant to the Controlled Substances Act. The inspection will also extend to the inspection and inventory of stocks of controlled substances, finished or unfinished substances and pertinent equipment associated with the storage and handling of controlled substances, and if necessary, the applicable records and/or samples of controlled substance will be seized. In accordance with Title 21, United States Code § 880(d)(1), any property seized will be appropriate to this inspection. Diversion Investigators will present their official credentials and written inspection authority as prescribed in Title 21, United States Code § 880(b)(2).

14. The disclosure of records which would be caused by the execution of the warrant are not prohibited by the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996, PL 104-191, which permit the disclosure of medical records pursuant to a court-ordered warrant as prescribed in Title 45 Code of Federal Regulations § 164.512(f)(1)(ii)(A).

15. The inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness and that a return will be made to the Court within ten (10) days of the issuance of the warrant.

16. I will be accompanied by one or more DEA Diversion Investigators or Special Agents assigned to the Albuquerque District Office who are authorized to conduct administrative inspections.

17. I have verified and have personal knowledge of the facts alleged in this affidavit and they are true to the best of his knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 5th day of July, 2024.

STEPHEN MARTOS-ORTIZ
Digitally signed by STEPHEN MARTOS-ORTIZ
Date: 2024.07.05 09:26:47 -06'00'

Stephen Martos-Ortiz
Diversion Investigator
Drug Enforcement Administration

Electronically signed and telephonically sworn before me on July 8, 2024.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge